UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KYLE GADSON,

        Plaintiff,   Case No. 1:21-cv-398

v.   Hon. Hala Y. Jarbou

MATT MACAULEY, et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Misher, Brown #1, Brown #2, and Macauley.  The Court will also dismiss, for failure to state a claim, Plaintiff's retaliation claim against Defendant Fuller.

**Discussion**

I. **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Warden Matt Macauley, Unknown Assistant Deputy Warden McBride, Corrections Officer Unknown Fuller, Assistant Resident Unit Supervisor/Counselor Unknown Battle, Corrections Officers Unknown Brown #1, Unknown Brown #2, and Unknown Misher.

Plaintiff alleges that on March 20, 2020, Governor Whitmer issued an order mandating social distancing and other practices to prevent the spread of COVID-19. Thereafter, the MDOC Director's Office issued a series of memoranda addressing necessary procedures to deal with the COVID-19 pandemic. Plaintiff states that Unit 3 was mandated as a COVID-19 outbreak status unit for housing prisoners who were ill or who had tested COVID-19 positive.

On August 25, 2020, IBC had its first prisoner death from COVID-19 as a result of Defendants failure to follow Governor Whitmer's order. On September 1, 2020, Plaintiff was seen talking to a prisoner who had been in contact with a COVID-19 positive prisoner. Both prisoners were transferred from Unit 6 to Unit 3. Pursuant to IBC procedure, prisoners who had close contact with COVID-19 positive prisoners were placed in a quarantine cell for fourteen days.

On September 14, 2020, Plaintiff received negative test results and asked to be moved to the general population, but he was not moved. Plaintiff then spoke to Defendants Fuller and Battle and was told that he would be moved when they were ready. Plaintiff next spoke to Defendant McBride and told him that he had been cleared by health care. Defendant McBride told Plaintiff to go back and speak to Defendants Fuller and Battle because it was not his job to move people. For the next several weeks, Defendants Brown #1, Brown#2, Misher, and Macauley forced

Plaintiff and other prisoners who had tested negative to use the same cleaning supplies and utensils as prisoners who had tested COVID-19 positive.

Between August 20, 2020, and December 20, 2020, multiple COVID-19 positive prisoners were moved into the same wing as Plaintiff. Plaintiff states that Defendants Brown #1, Brown #2, Misher, and Fuller denied Plaintiff and other prisoners who had complained about being refused transfer to the general population use of the exercise yard. On December 1, 2020, Plaintiff became ill with COVID-19 and suffered from a migraine headache, the loss of smell and taste, nausea, bone pain, shortness of breath, and a bad cough that lasted throughout the day and night.

Plaintiff states that it is impossible to social distance with the number of prisoners at IBC, especially when correctional staff violate policy and place healthy prisoners in confined units with infected prisoners. Plaintiff also complains that IBC Health Services only provide COVID-19 positive prisoners with Tylenol, Ibuprofen, and Vitamins.

Plaintiff claims that Defendants violated his rights under the First and Eighth Amendment. Plaintiff seeks declaratory relief.

## II.    **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

III.   **Eighth Amendment**

Plaintiff claims that Defendants violated his Eighth Amendment rights when they failed to take reasonable measures to protect him from COVID-19. Plaintiff states that Defendants Fuller, Battle, and McBride refused to move him out of a unit that contained COVID-19 positive prisoners after he had tested negative for the virus. Plaintiff claims that between August 20, 2020, and December 20, 2020, multiple prisoners who were COVID-19 positive were moved into "the same cell and wing" as Plaintiff and other COVID-19 negative prisoners. Plaintiff also claims that Defendants Misher, Brown #1, Brown #2, and Macauley required Plaintiff and other healthy

4

prisoners in Unit 3 to share the same cleaning supplies and utensils as COVID-19 positive prisoners. On December 1, 2020, Plaintiff became ill with COVID-19 and suffered from a migraine headache, the loss of smell and taste, nausea, bone pain, shortness of breath, and a bad cough that lasted throughout the day and night. Plaintiff asserts that Defendants' conduct needlessly and recklessly exposed him to infected prisoners in violation of MDOC policy and procedure constituted deliberate indifference.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, Plaintiff must show that he faced a sufficiently serious risk to his health or safety and that Defendants acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate

indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims).

Plaintiff claims that Defendants Misher, Brown #1, Brown #2, and Macauley required all prisoners in Unit 3 to use the same cleaning supplies and utensils. However, Plaintiff does not allege that there is a failure to sanitize either the cleaning supplies or the utensils between uses. The mere fact that all prisoners in Unit 3 had to use the same supply of utensils and cleaning supplies does not show that Defendants Misher, Brown #1, Brown #2, and Macauley were deliberately indifferent to the risk of Plaintiff contracting COVID-19. Therefore, Plaintiff's Eighth Amendment claims against Defendants Misher, Brown #1, Brown #2, and Macauley are properly dismissed.

As stated above, Plaintiff alleges that Defendants Fuller, Battle, and McBride knowingly exposed him to COVID-19 positive prisoners when they knew that he was not infected with the virus, and that this resulted in him becoming ill with COVID-19. The Court concludes that the facts alleged by Plaintiff in his complaint are sufficient to state Eighth Amendment claims against Defendants Fuller, Battle, and McBride.

IV. **Retaliation**

Plaintiff states that Defendants Brown #1, Brown#2, Misher, and Fuller retaliated against him by denying him use of the exercise yard after he complained about being refused transfer to the general population. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover,

6

a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Assuming that Plaintiff's "complaining" constituted protected conduct, Plaintiff fails to allege facts showing that the refusal to allow him yard time was motivated by a desire to retaliate against him. Instead, Plaintiff's lack of yard time appears to have been a function of being housed in Unit 3, which had been designated as a COVID-19 outbreak status unit.

The MDOC issued a COVID-19 Director's Office Memorandum (DOM) on April 8, 2020, and issued multiple revised DOMs on the subject. The Court notes that the following DOM were in effect during the pertinent time period: MDOC DOM 2020-30R5 (eff. Aug. 25, 2020); MDOC DOM 2020-30R6 (eff. Aug. 27, 2020); MDOC DOM 2020-30R7 (eff. Nov. 5, 2020); MDOC DOM 2020-30R8 (eff. Nov. 24, 2020). Each of these versions of the DOM provide:

> All of the requirements set forth in PD 03.03.130 "Humane Treatment and Living Conditions for Prisoners" apply to prisoners in an isolation area with the exception of two hours of indoor/outdoor recreation. Psychological services shall be provided to a prisoner in an isolation area only when immediate intervention is needed as determined by the Chief Psychiatric Officer (CPO). The CFA Deputy Director shall consult with the Office of Legal Affairs Administrator and the BHCS Administrator to determine what movement and activities may take place in an isolation area including access to programming, religious services, and law library material. At no time shall a prisoner who is placed in an isolation area be permitted outside of the area, unless it is for an emergency, or as approved by the Assistant Deputy Director (ADD).

The COVID-19 DOM clearly prevents prisoners housed in a COVID-19 outbreak unit such as Unit 3 from leaving the unit except in the case of an emergency. Plaintiff fails to allege facts showing that his lack of yard time was the result of anything but his housing assignment. Therefore, Plaintiff's retaliation claims are properly dismissed.

V.      **Pending motion**

Plaintiff's pending motion for an extension of time to pay the filing fee (ECF No. 3) will be denied as moot because Plaintiff paid the balance of the filing fee on June 1, 2021.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Misher, Brown #1, Brown #2, and Macauley will be dismissed for failure to state a claim under 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's retaliation claim against Defendant Fuller. Plaintiff's Eighth Amendment claims against Defendants Fuller, Battle, and McBride remain in the case.

An order consistent with this opinion will be entered.


Dated:   September 16, 2021                    /s/ Hala Y. Jarbou
                                               HALA Y. JARBOU
                                               UNITED STATES DISTRICT JUDGE