UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K<small>YLE</small> G<small>ADSON</small> #261956,

      Plaintiff,                                Hon. Jane M. Beckering

v.                                               Case No. 1:21-cv-398

M<small>ATT</small> M<small>ACAULEY</small>, et al.,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

      This is a civil rights action brought by a *pro se* plaintiff under 42 U.S.C. § 1983. Plaintiff initiated this action on May 12, 2021, against Matt Macauley, Unknown McBride, Unknown Fuller, Unknown Battle, Unknown Brown #1, Unknown Brown #2 and Unknown Misher. (ECF No. 1). On September 16, 2022, the Court issued an Opinion and Order dismissing Defendants Matt Macauley, Unknown Misher, Unknown Brown #1 and Unknown Brown #2. (ECF No. 4,5).

      This matter is proceeding before the Court against Defendants Unknown McBride, Unknown Fuller and Unknown Battle. For the reasons contained herein, the undersigned judicial officer now recommends that Plaintiff's claims against Defendants Unknown McBride, Unknown Fuller and Unknown Battle be dismissed without prejudice for failure to timely effect service.

## ANALYSIS

On January 25, 2022, the Court entered an Order staying this case for the purpose of early mediation. (ECF No. 12). Mediation was not successful, and on February 25, 2022, the Court lifted the stay and ordered that the ninety-day period for service set forth in Federal Rule of Civil Procedure 4(m) start to run. (ECF No. 14).[1] The Court further instructed Plaintiff that, because he "is not proceeding *in forma pauperis* in this action, he is responsible for service of the summons and complaint upon each Defendant." (*Id.*). On August 19, 2022, the Court issued a Show Cause Order directing Plaintiff to advise the Court "why his case should not be dismissed for want of prosecution." The Court further advised Plaintiff that failure to comply would result in dismissal of his case. (ECF No. 16). Plaintiff has yet to serve this action on Defendants Unknown McBride, Unknown Fuller and Unknown Battle. Moreover, Plaintiff has not requested the Court's assistance in effecting service on these Defendants.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court – on motion or on its own initiative after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for such failure, however, "the court

---

[1] The deadline for service has long since expired.

must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003) (citation omitted).

Considering Plaintiff's lack of diligence in this matter, the remaining claims against Defendants Unknown McBride, Unknown Fuller and Unknown Battle should be dismissed without prejudice for failure to timely effect service.

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that plaintiff's remaining claims be dismissed for want of prosecution and for failure to comply with the rules and orders of this Court, and that this case be closed. FED. R. CIV. P. 41(b) and W.D. MICH. LCIVR 41.1. The undersigned further finds, for the reasons stated herein, that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Date: November 18, 2022    /s/ Phillip J. Green
                           PHILLIP J. GREEN
                           United States Magistrate Judge